UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| JACQUELINE VAN OVER, <br><br> Plaintiff, <br><br> vs. <br><br> RADIKER, INC. d/b/a TALENT FUSION, DELOITTE CONSULTING, LLP and DAVID POLLARD, <br><br> Defendants. | CIVIL ACTION NO. 4:11-cv-01149 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS RADIKER, INC. AND DAVID POLLARD

Defendant Radiker, Inc. d/b/a Talent Fusion ("Radiker") and Defendant David Pollard ("Pollard") respectfully submit this Memorandum of Law, together with the accompanying affidavit of Pollard ("Pollard Affidavit"), in support of their motion:

(1) Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint in this action on the grounds that the Court lacks personal jurisdiction over Radiker and over Pollard.

(2) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the second claim in the complaint in this action based upon the "Texas Payday Law" on the grounds that there is no private right of action under the Texas Payday Law and, therefore, the second claim fails to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

The complaint in this action was filed by plaintiff Jacqueline Van Over ("Van Over") on or about March 30, 2011 as a putative class action(s). The gravamen of the claims in the complaint is that, in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, et seq.) and the Texas Payday Law (Texas Labor Code § 61.001, et seq.), Radiker, Pollard and Defendant Deloitte Consulting, LLP ("Deloitte") willfully failed to pay overtime to Van Over while she was employed by Radiker to perform recruiting services for Deloitte during the period from June 25, 2010 through January 23, 2011. (Complaint, ¶¶ 2, 39 and 46)

Van Over claims that this Court may assert jurisdiction over Radiker and Pollard because each "maintains sufficient minimum contacts with the State of Texas and regularly conducts business in the district of this court." (Complaint, ¶ 7)

For the reasons set forth hereinafter, it is clear that, as a matter of law, neither Radiker nor Pollard have sufficient contacts with Texas to permit this Court to exercise personal jurisdiction over either of them. In addition, there is no private right of action under the Texas Payday Law.

## FACTUAL BACKGROUND

As indicated in the accompanying Pollard Affidavit, Radiker is a Massachusetts corporation engaged in the business of recruiting personnel to fill employment positions for its client companies. (Pollard Affidavit at ¶ 5) Radiker maintains its (only) office in Worthington, Massachusetts. (Pollard Affidavit at ¶ 6) Radiker is not licensed or qualified to do business in Texas. (Pollard Affidavit at ¶ 7) Pollard is the president of

2

Radiker and lives in Worthington, Massachusetts.  (Pollard Affidavit at ¶ 4)

Neither Radiker nor Pollard maintains an office in Texas, advertises in Texas, owns any real estate in Texas, maintains any bank accounts in Texas or maintains any phone listing in Texas.  (Pollard Affidavit at ¶ 8)

On or about May 13, 2010, Radiker entered into an agreement with Deloitte to recruit candidates with specialized computer expertise to work for Deloitte.  (Pollard Affidavit at ¶ 9)  Radiker then entered into negotiations with Van Over (a presumed resident of Dallas, Texas (Complaint, ¶ 10)), to fill the Deloitte positions.  (Pollard Affidavit at ¶ 10)  The Van Over contract negotiations were conducted with Van Over primarily by Juliana Barela ("Barela") and Kevin Huston ("Huston") (Pollard merely negotiated Van Over's pay rate) from Worthington, Massachusetts, by telephone and exchange of e-mails.  (Pollard Affidavit at ¶ 10)  Pursuant to those negotiations, Radiker entered into an oral agreement to hire Van Over as an independent contractor to perform the recruiting services for Deloitte, which agreement was confirmed in an e-mail sent to Van Over by Barela from Worthington, Massachusetts.  (Pollard Affidavit at ¶ 11) In accordance with that agreement Van Over provided recruiting services to various Deloitte offices (primarily 85%) located outside of Texas during the approximate period from June 25, 2010 through January 23, 2011.  (Pollard Affidavit at ¶ 12)

## ARGUMENT

### (1) The Court Lacks Jurisdiction Over Radiker and Pollard

It is well-established that a federal court may only exercise personal jurisdiction over a non-resident defendant if:

3

> (1) the forum state's long-arm statute [Tex.Civ.Prac. &
> Rem. Code § 17.042] confers personal jurisdiction over
> that defendant, and (2) the exercise of personal
> jurisdiction comports with the Due Process Clause of
> the Fourteenth Amendment.

Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 343 (5th Cir. 2004)

(emphasis supplied).

Therefore, even if the prerequisites of the Texas long-arm statute have been

satisfied, the Due Process requirements of the Fourteenth Amendment must,

nevertheless, also be met in order to exercise jurisdiction over a non-resident

defendant.

> As interpreted by the Supreme Court, the Fourteenth
> Amendment Due Process clause requires satisfaction of a
> two-prong test in order for a federal court to properly
> exercise jurisdiction:  (1) the nonresident must have
> minimum contacts with the forum state, and (2) subjecting
> the nonresident to jurisdiction must be consistent with
> "traditional notions of fair play and substantial justice."  The
> "minimum contacts" prong is further subdivided into contacts
> that give rise to specific jurisdiction and those that give rise
> to general jurisdiction.  A court may exercise specific
> jurisdiction when (1) the defendant purposely directed its
> activities toward the forum state or purposely availed itself of
> the privileges of conducting activities there; and (2) the
> controversy arises out of or is related to the defendant's
> contacts with the forum state.  In short, the focus [of this
> inquiry] is on the relationship between the defendant, the
> forum, and the litigation.  When a cause of action does not
> arise out of a foreign defendant's purposeful contacts with
> the forum, however, a court may exercise general jurisdiction
> when the defendant has engaged in continuous and
> systematic contacts in the forum.  Once the plaintiff has
> made out a prima facie showing under the first prong, the
> burden shifts to the defendant to show, under the second
> prong of the constitutional due process inquiry, that the
> exercise of jurisdiction would not comply with fair play and
> substantial justice.

Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 343 (5th Cir. 2004) (emphasis supplied, citations and internal quotations omitted); cases cited infra.

Here, the only possible basis for jurisdiction under the Texas long-arm statute is that Radiker "contract[ed] by mail or otherwise with a Texas resident [Van Over] and either party ... [was] to perform the [Van Over] contract in whole or in part in ... [Texas]." Tex. Civ. Prac. & Rem. Code § 17.042(1).[1]

As noted above, Radiker entered into the contract with Van Over. However, the only act performed by Pollard with respect to that contract was the negotiation of Van Over's pay rate which was performed by Pollard in his capacity as the president of Radiker. Therefore, Pollard (individually) did not enter into the requisite contract with Van Over under the Texas long-arm statute and jurisdiction may not be asserted over Pollard pursuant to the Texas long-arm statute. Rolls-Royce Corp. v. Heros, Inc., 576 F. Supp. 2d 765, 787 (N.D. Tex. 2008):

> [A]n individual's transaction of business within the state solely as a corporate officer does not create jurisdiction over that individual though the state has in personam jurisdiction over the corporation.

See Ross F. Meriwether & Associates, Inc. v. Aulbach, 686 S.W.2d 730 (Tex. Ct. App. 1985).[2]

---

[1]Any alleged failure to pay overtime to Van Over is grounded in the common law remedy of an action for recovery on a debt or for breach of (either an express or implied) contract. See Tricon Tool & Supply, Inc. v. Thumann, 226 S.W.3d 494 (Tex. Ct. App. 2006); Bloch v. Dowell Schlumberger, Inc., 925 S.W.2d 301 (Tex. Ct. App. 1996); Holmans v. Transource Polymers, Inc., 914 S.W.2d 189 (Tex. Ct. App. 1996).

[2]"An agent is not a party to, nor individually liable on, a contract he enters into on behalf of his principal. It is the principal who enters into the contract. When an agent arrives in Texas to negotiate a contract for his principal, only the principal does business in the state. The agent, having entered into no contract, has done no business in Texas, and, therefore, has done no act

5

Moreover, notwithstanding that the contractual prerequisites of § 17.042(1) of the Texas long-arm statute have been satisfied with respect to Radiker, it is, nevertheless, clear that Radiker does not have sufficient Fourteenth Amendment Due Process minimum contacts with Texas to permit the assertion of specific jurisdiction over Radiker. In determining whether there are sufficient Fourteenth Amendment Due Process minimum contacts under the first (purposeful availment) requirement for specific jurisdiction (supra), 3 elements are considered:

> First, we consider only the defendant's own actions, not those of the plaintiff or any other third party (The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State). * * * Second, the activities must be purposeful, not random, isolated, or fortuitous. * * * Third, the defendant must seek some benefit, advantage, or profit by virtue of its activities in the proposed forum state, because this element is based on the notion of implied consent.

Choice Auto Brokers, Inc v. Dawson, 274 S.W.3d 172, 176 (Tex. Ct. App. 2008) (citations and internal quotations omitted).

As noted above, virtually the only contact between Radiker and Texas is that Radiker entered into a contract with Van Over who happens to reside in Texas. But the fact that Van Over is a Texas resident is, at best, a fortuitous, random and isolated contact since Van Over rendered most of her services pursuant to the agreement with Radiker outside of Texas and, consequently, Radiker could have hired Van Over regardless of where she resided. For the same reasons, Radiker did not seek any

---

nor has he consummated a transaction in Texas." 686 S.W.2d at 731 (citations and internal quotations omitted). See also, Tri-State Building Specialties, Inc. v. NCI Building Systems, L.P., 184 S.W.3d 242 (Tex. Ct. App. 2005 (presumption exists of legal separation between a corporation and its officers).

6

benefit, advantage, or profit by virtue of its activities in Texas (or impliedly consent to jurisdiction in Texas).

Thus, when only the acts of Radiker (as opposed to those of Van Over) are considered, Radiker plainly did not purposely direct its activities toward Texas or purposely avail itself of the privilege of conducting activities in Texas.  *See* Ashdon v. Gary Brown & Associates, Inc., 260 S.W.3d 101 (Tex. Ct. App. 2008) (resident's contract with out of state party alone does not necessarily constitute purposeful availment); McFadin v. Gerber, 587 F.3d 753, 760 (5th Cir. 2009) ("Jurisdiction must not be based on the fortuity of one party residing in the forum state"); Gundle Lining Construction Corp. v. Adams County Asphalt, Inc., 85 F.3d 201 (5th Cir. 1996) (minimum contacts test for specific jurisdiction not satisfied where non-resident defendant merely entered into a contract with Texas resident, mailed payment to Texas resident in Texas, and communicated with Texas resident about and during the term of the contract); Valero Marketing And Supply Co. v. General Energy Corp., 702 F. Supp. 2d 706, 715 (S.D. Tex. 2010).  Therefore, the first minimum contacts requirement under the Fourteenth Amendment Due Process clause for the exercise of specific jurisdiction over Radiker (and Pollard) is lacking.

Alternatively, there is no basis for the assertion of general jurisdiction over Radiker (or Pollard) because Radiker does not have the continuous and systematic contacts with Texas which are required by the Fourteenth Amendment of the Due Process clause.

> A general jurisdiction inquiry, therefore, is very different from a specific jurisdiction inquiry and involves a more demanding minimum contacts analysis with a substantially higher threshold.  Usually the defendant must be engaged in long-

> standing business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there, activities that are less extensive than that will not qualify for general in personam jurisdiction. [The] substantial and continuous activity required for general jurisdiction suggests that defendant must establish some close substantial connection with the state approaching the relationship between the sate and its own residents ... [G]eneral jurisdiction typically requires the defendant to have an office in the forum state. ... [T]he basic inquiry must be whether the defendant's level of activity rises to the level of activity of an insider, so that relegating the defendant to the political processes is fair. ... [A] proper general jurisdiction query should evaluate whether the defendant engaged in activities in the forum state similar in frequency and nature to the activities of local businesses. ... [T]he traditional indicia of general jurisdiction are a home base, an agent for the service of process, a local office, or the pursuance of business from a tangible locale within the state.

PHC-Minden, L.P. v. Kimberly-Clark Corp., 235 S.W.3d 163, 168 (Tex. Sup. Ct. 2007) (citations and internal quotations omitted); Valero Marketing And Supply Co. v. General Energy Corp., 702 F. Supp. 2d 706, 715 (S.D. Tex. 2010) ("The continuous and systematic contacts test for general jurisdiction is a difficult one to meet, requiring extensive contacts between a defendant and a forum. Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." (citations and internal quotations omitted)).

As noted above, apart from the existence of the contract between Radiker and Van Over, Radiker had virtually no other contacts with Texas. See Ashdon, Inc. v. Gary Brown & Associates, Inc., 260 S.W.3d 101 (Tex. Ct. App. 2008). Compare Michel v. Rocket Engineering Corp., 45 S.W.3d 658 (Tex. Ct. App. 2001) (communications with Texas resident concerning contract, attending trade shows in Texas, advertising in national trade magazine, engaging in national marketing/mass mailing program

targeting (among others) Texas residents with follow-up telephone calls, entering into distribution agreements with Texas dealers and maintaining an internet website not sufficient for general jurisdiction when (among other things) defendant had no Texas business address or office); Submersible Systems, Inc. v. Perforadora Central, S.A., 249 F.3d 413 (5th Cir. 2001) (construction of drilling rig and maintenance of an office with 3 employees in Texas not sufficient for general jurisdiction); Moki Mac River Expeditions v. Drugg, 270 S.W.3d 799 (Tex. Ct. App. 2008). Accordingly, Radiker (among other things) had no "long-standing business" in Texas equivalent to a local Texas business and, as such, did not have the necessary continuous and systematic contacts with Texas to permit the exercise of general jurisdiction over it.

Finally, and in any event, it is clear that under the instant facts - where the primary contact of Radiker with Texas was the existence of a contract with Van Over who happens to be a Texas resident - subjecting Radiker to (either specific or general) jurisdiction would not be consistent with "traditional notions of fair play and substantial justice" in accordance with the second requirement of the Due Process clause of the Fourteenth Amendment (supra).

In analyzing whether subjecting a nonresident to jurisdiction is consistent with traditional notions of fair play and substantial justice (or is fair and reasonable) under the second requirement of the Due Process clause of the Fourteenth Amendment, the following issues are relevant:

> (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental

9

substantive social policies.

Rattner v. Cantos, 293 S.W.3d 655, 661 (Tex. Ct. App. 2009) (citations and internal quotations omitted).

Here it will be extraordinarily expensive and burdensome for Radiker (a Massachusetts corporation) to litigate this action in Texas. Texas has no compelling interest in adjudicating this action (and particularly the FLSA claims), and the convenience for Van Over of litigating this action in Texas should not override the unreasonable burden on Radiker in defending the action in Texas. Lastly, the interstate judicial system has no paramount interest in resolving Van Over's claims in Texas, and there is no fundamental substantive social policy which would be advanced by litigation of this action in Texas.

In summary, therefore, as a matter of law this Court may not exercise either specific or general jurisdiction over either Radiker or Pollard.

## (2) No Private Right Of Action Exists Under The Texas Payday Law

The Texas Payday Law (Texas Labor Code § 61.001, et seq.) established administrative procedures for the resolution of employee wage claims. The "procedures are designed to resolve claims expeditiously and inexpensively, and it uses abbreviated mechanisms of an adversarial judicial process to adjudicate wage claims." Igal v. Brightstar Information Technology Group, Inc., 250 S.W.3d 78, 82 (Tex. Sup. Ct. 2008).

However, there is no provision in the Texas Payday Law permitting a private right of action and no private right of action may be implied. Abatement Inc. v. Williams, 324 S.W.3d 858 (Tex. Ct. App. 2010). To the contrary, the alternative to pursuing a claim under the administrative Texas Payday Law is a common law action on a debt or for

10

breach of (an either express or implied) contract (Id.; Igal v. Brightstar Information Technology Group, Inc., 250 S.W.3d 78, 82 (Tex. Sup. Ct. 2008); Tricon Tool & Supply, Inc. v. Thumann, 226 S.W.2d 494 (Tex. Ct. App. 2006); Bloch v. Dowell Schlumberger, Inc., 925 S.W.2d 301 (Tex. Ct. App. 1996); Holmans v. Transource Polymers, Inc., 914 S.W.2d 189 (Tex. Ct. App. 1996)), not a claim for violation of the Texas Payday Law.

Since there is no private right of action under the Texas Payday Law, the second claim of Van Over in the complaint for alleged violations of the Texas Payday Law fails to state a claim upon which relief can be granted.

## CONCLUSION

Defendants' motion to dismiss should be granted and the entire complaint, or at the very least the claims against Pollard and/or the second claim in the complaint under the Texas Payday Law, should be dismissed with prejudice.

Respectfully submitted,

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.
BBO# (Massachusetts) 647175
E-mail: ARoyal@royalllp.com
Counsel for Defendants
Royal LLP
270 Pleasant Street
Northampton, Massachusetts 01060
Dated: June 2, 2011        Tel.: (413) 586-2288/Fax (413) 586-2281

11

/s/ Robert Aronson, Esq.
Robert Aronson, Esq.
BBO# (Massachusetts) 541800
E-mail:  raronson@royalllp.com
Of Counsel for Defendants
Royal LLP
270 Pleasant Street
Northampton, Massachusetts  01060
Dated:   June 2, 2011                          Tel.:  (413) 586-2288/Fax (413) 586-2281

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss of Defendants Radiker, Inc. and David Pollard* was served upon the attorney of record for each other party via the court's CM/ECF Electronic Filing System, this 2nd day of June, 2011, as follows:

Salar Ali Ahmed
Ali S. Ahmed, P.C.
One Arena Place
7322 Southwest Frwy, Suite 1920
Houston, TX  77074
aahmedlaw@gmail.com

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.

12